## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCHNEIDER NATIONAL CARRIERS,   :
INC., et al.,                  :
      Plaintiffs                 :          No. 1:17-cv-02383
                                 :
      v.                         :          (Judge Kane)
                                 :
ARSALAN SYED, et al.,          :
      Defendants                 :

## MEMORANDUM

Before the Court is Defendant Barbush Rentals, LLC ("Defendant Barbush")'s motion

for judgment on the pleadings (Doc. No. 42), as to Count III of Plaintiffs Schneider National

Carriers, Inc. ("Plaintiff Schneider") and INS Insurance, Inc. ("Plaintiff INS") (collectively

referred to herein as "Plaintiffs")' complaint (Doc. No. 1), pursuant to Federal Rule of Civil

Procedure 12(c). For the reasons provided herein, the Court will grant Defendant Barbush's

motion.

## I.     BACKGROUND

### A.     Procedural Background

Plaintiff initiated the above-captioned action by filing a complaint on December 22,

2017. (Doc. No. 1.) The eight-count complaint asserts claims of: negligence, negligent

entrustment, and respondeat superior liability against numerous defendants in connection with an

automobile accident that occurred on December, 12, 2016. (Id. at 29-35.) On August 22, 2018,

Defendant Barbush filed the instant motion for judgment on the pleadings as to Count III of

Plaintiffs' complaint. (Doc. No. 42.) Defendant Waqas Qureshi ("Defendant Qureshi")[1] filed a

---

[1] Although Defendant Qureshi has previously been identified as "Waqas Quereshi a/k/a Waqas
Syed" in the above-captioned matter, Defendant Qureshi has indicated to the Court that this

response in opposition to Defendant Barbush's motion on August 23, 2018.[2]  (Doc. No. 43.)

Defendant Barbush filed a brief in support of its motion for judgment on the pleadings on

September 5, 2018.  (Doc. No. 44.)  Plaintiffs filed a brief in opposition to Defendant Barbush's

motion on September 19, 2018.  (Doc. No. 45.)  Because the applicable time period for filing a

reply brief has passed, Defendant Barbush's motion is ripe for disposition.

### B.    Factual Background[3]

The allegations in the amended complaint stem from a multi-vehicle automobile accident

that occurred in the early-morning hours of December 12, 2016 on the Pennsylvania Turnpike

near mile marker 215.2.  (Doc. No. 1.)  Plaintiffs allege that Defendant Barbush permitted

Defendants Arsalan Syed ("Defendant Syed") and Qureshi to rent a 2015 Kia Sedona (the "Kia

Sedona") on behalf of Defendant Syed's employers, Defendant Virtusa Corporation ("Defendant

Virtusa") and Defendant Virtusa Securities Corporation ("Defendant Virtusa Securities")

(collectively referred to herein as the "Virtusa Defendants").  (Id. ¶¶ 15-16.)  Plaintiffs further

---

designation is incorrect.  (Doc. No. 43 at 2.)  Accordingly, the Court will direct the Clerk of Court to correct the docket by replacing the current designation for Defendant Qureshi, "Waqas Quereshi a/k/a Waqas Syed," with the designation of "Waqas Qureshi."

[2] It appears that Defendant Qureshi filed a response to Defendant Barbush's motion for judgement on the pleadings as to Count III of Plaintiffs' complaint because Defendant Qureshi filed a crossclaim against Defendant Barbush in his answer to Plaintiffs' complaint.  (Doc. No. 28 at 13-14.)  The Court notes, however, that Defendant Barbush's motion for judgment on the pleadings does not pertain to Defendant Qureshi's crossclaim, and the Court's disposition of the instant motion will not directly impact Defendant Qureshi's crossclaim against Defendant Barbush.  See Terry v. Newell, No. cv-12-02659, 2014 U.S. Dist. LEXIS 92408, at *15 (D. Ariz. July 8, 2014) ("It is hornbook law that dismissal of the original claim against a coparty does not require that a timely asserted crossclaim be dismissed.") (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1431 (3d ed. 1998); 1 Steve S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 13, 284 (2014 ed.)).

[3] Unless otherwise noted, the following background information is derived from Plaintiffs' complaint.  (Doc. No. 1.)

allege that Defendant Barbush did not properly obtain permission from the Virtusa Defendants

when it permitted Defendants Syed and Qureshi to rent the Kia Sedona on the Virtusa

Defendants' behalf.  (Id. ¶ 40.)

Plaintiffs allege that around 4:12 a.m. on December 12, 2016, Defendant Arsalan Syed

negligently operated the Kia Sedona on the Pennsylvania Turnpike near mile marker 215.2 by

driving at a dangerous speed, which caused him to lose control of the vehicle, cross several lanes

of travel, and strike a 2007 Peterbilt tractor-trailer operated by Joseph Allen on behalf of

Tomaski Trucking (the "Peterbilt Truck").  (Id. ¶¶ 11-12, 18-19.)  The Peterbilt Truck then

crossed the center lane of travel and rolled onto its side in front of a 2017 Freightliner tractor-

trailer (the "Freightliner Truck"), which was hauling a 2013 Hyundai Trailer (the "Hyundai

Trailer") [4] and was operated by Jose Martinez ("Mr. Martinez").[5]  (Id. ¶¶ 9-10, 20.)   The

Freightliner Truck then struck the Peterbilt Truck, resulting in injuries to the occupants of the

trucks and property damage to the trucks and the Hyundai Trailer.  (Id. at 21.)  Plaintiff INS

incurred $117,070.00 in costs related to the damage to the Freightliner Truck.  (Id. at 25.)

Plaintiff Schneider incurred a total of $58,509.16 in costs related to the damage to the Hyundai

Trailer and cargo-related expenses.  (Id. at 27.)

## II.    LEGAL STANDARD

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed

to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."

---

[4] Plaintiff Schneider was the permanent lessee of the Hyundai Trailer and was responsible for
charges related to the cargo being hauled inside.  (Id. ¶ 10.)

[5] Mr. Martinez held a physical damage insurance policy with Plaintiff INS for the Freightliner
Truck.  (Id. ¶ 9.)

Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010). When ruling on a motion to dismiss

under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all

reasonable inferences that can be drawn from them, viewed in the light most favorable to the

plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The

Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544

(2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading

requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, all civil complaints must set

out "sufficient factual matter" to show that the claim is facially plausible. See id. The

plausibility standard requires more than a mere possibility that the defendant is liable for the

alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679

(citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the

United States Court of Appeals for the Third Circuit has identified the following steps a district

court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1)

identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory

allegations contained in the complaint "not entitled" to the assumption of truth; and (3)

determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly

give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d

Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## III. DISCUSSION

The instant motion pertains to only Count III of the complaint, which alleges negligent entrustment on the part of Defendant Barbush. (Doc. No. 1 at 6-7.) Defendant Barbush argues that it is immune from liability as to Count III by operation of the Graves Amendment, 49 U.S.C. § 30106, and that Plaintiffs have failed to allege facts that support a negligent entrustment claim. (Doc. No. 44.) Plaintiffs argue in response that they have sufficiently asserted a negligence claim against Defendant Barbush in their complaint. (Doc. No. 45.)

### A. Legal Standard for Negligent Entrustment Under Pennsylvania Law

In regard to negligent entrustment, Pennsylvania follows Section 308 of the Restatement of the Law (Second) of Torts. See Fakes v. Terry, No. 15-cv-01574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018) (citing Knecht v. Balanescu, No. 16-cv-00549, 2017 WL 4573796, at *7 (M.D. Pa. Oct. 13, 2017)); see also Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998). Section 308 provides:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor

> knows or should know that such person intends or is likely to use
> the thing or to conduct himself in the activity in such a manner as
> to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308.  Accordingly, to prevail on a negligent entrustment claim in the instant context, a plaintiff must show that the defendant "(1) permitted [a third party], (2) to operate its [automobile], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [automobile] in such a way that would harm another."[6]  Fakes, 2018 WL 1382513, at *5 (citing Knecht, 2017 WL 4573796).  The third element of negligent entrustment may be satisfied by showing that the defendant knew or should have known that the entrusted driver was an incompetent driver or was intoxicated.  See Roebuck v. Bensing, No. 97-cv-5285, 1999 WL 124462, at *7 (E.D. Pa. Feb. 8, 1999) (citing

---

[6] Defendant Barbush invokes the protection of the Graves Amendment but then appears to argue that Plaintiffs have failed to state a claim for negligent entrustment under Pennsylvania law, without discussing the applicability of the Graves Amendment to such law.  The Graves Amendment provides, in relevant part, that:

> An owner of a motor vehicle that rents or leases the vehicle to a
> person (or an affiliate of the owner) shall not be liable under the
> law of any State or political subdivision thereof, by reason of being
> the owner of the vehicle (or an affiliate of the owner), for harm to
> persons or property that results or arises out of the use, operation,
> or possession of the vehicle during the period of the rental or lease,
> if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or
>     business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the
>     owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

While the Court in not aware of any binding authority that addresses the interaction between the Graves Amendment and negligent entrustment liability under Pennsylvania law, the sole district court in this Circuit that has squarely addressed the issue concluded that negligent entrustment liability under Pennsylvania law falls into the savings clause of the Graves Amendment and is thus not prohibited.  See Knecht, 2017 WL 4573796, at *25-29.  Because negligent entrustment liability under Pennsylvania law requires negligent conduct for liability to attach, the Court likewise concludes that such liability is not prohibited by the Graves Amendment.

Jahn v. O'Neill, 475 A.2d 837, 838 (Pa. Super. Ct. 1984); see also Robare v. Pekarcik, 530 A.2d 534, 536-37 (Pa. Commw. Ct. 1987).

### B. Parties' Arguments

Defendant Barbush argues that Plaintiffs' complaint fails to sufficiently plead a negligent entrustment claim against Defendant Barbush. (Doc. Nos. 42, 44.) First, Defendant Barbush contends that there is no nexus between its alleged negligent conduct and the alleged injury, which it argues is required under Pennsylvania law. (Id. at 5.) Next, it argues that a negligent entrustment claim may proceed only after an initial finding that the entrusted third party was causally negligent. (Id. at 6.) Finally, it argues that Plaintiffs have failed to allege facts that would support a reasonable jury's conclusion that Defendant Barbush knew or should have known that the entrusted third party was incompetent or unfit to drive. (Id.)

Plaintiffs argue in response that they have sufficiently alleged a negligence claim against Defendant Barbush in their complaint. (Doc. No. 45.) First, Plaintiffs argue that they are not required to show a nexus between the alleged negligence and the resulting injury at this stage of the proceedings, but, rather, they have only to plead the elements of a negligence claim to survive a motion to dismiss for failure to state a claim. (Id. at 5.) Next, Plaintiffs argue that they have sufficiently alleged that Defendant Barbush owed legally significant duties to Plaintiffs, and that Defendant Barbush breached those duties. (Id. at 6.) Plaintiffs also argue that they have sufficiently pled causation and damages. (Id. at 6-8.)

### C. Whether Plaintiffs Have Sufficiently Alleged a Negligent Entrustment Claim[7] Against Defendant Barbush

The Court finds that Plaintiffs have failed to allege facts from which a reasonable jury could conclude that Defendant Barbush knew or should have known that Defendant Syed or Defendant Qureshi intended or was likely to use the vehicle in such a way that would harm another—the third element of a claim for negligent entrustment under Pennsylvania law. Plaintiffs first cite the alleged failure of Defendant Barbush to properly obtain permission from the Virtusa Defendants when it permitted the rental of the Kia Sedona on the Virtusa Defendants' behalf. (Id. at 6.) However, the Court is unaware of any precedent that permits alleged negligence relating to a rental company's failure to properly obtain permission to rent an automobile on behalf of a corporate client, on its own, to satisfy the third element of a negligent entrustment claim. Plaintiffs' complaint alleges no further facts that plausibly link Defendant Barbush's allegedly unauthorized rental on the Virtusa Defendants' behalf to the conclusion that Defendant Barbush knew or should have known that the person to whom it rented the Kia Sedona intended or was likely to use that vehicle in a way that would harm another. Accordingly, the Court finds that no reasonable jury could reach, based on the alleged negligence regarding the unauthorized rental on behalf of the Virtusa Defendants, such a conclusion.

---

[7] Plaintiffs' complaint appears to assert only a negligent entrustment claim against Defendant Barbush. However, Plaintiffs fail to address negligent entrustment and allude to a general claim of negligence in their brief in opposition to the instant motion. (Doc. No. 45.) To the extent that Plaintiffs' complaint attempts to assert a negligence claim against Defendant Barbush, the Court concludes that it does not do so sufficiently. The Court finds no precedent that supports the conclusion that Defendant Barbush owed a duty to Plaintiffs or the general public "to ensure that it did not enter into corporate rental agreements which were not explicitly authorized by the corporate account." (Doc. No. 1 at 39) As to Defendant Barbush's duty to Plaintiffs or the general public regarding the use of its vehicles by incompetent or inexperienced drivers, the same pleading deficiencies identified infra in connection to Plaintiffs' negligent entrustment claim apply.

Plaintiffs next cite their allegation that Barbush "rented a motor vehicle that was operated by an incompetent and/or inexperienced driver." (Doc. No. 1 at ¶ 40.) However, the fact that the driver was inexperienced or incompetent is alone insufficient to create liability under a theory of negligent entrustment; a rental company is liable for the actions of an incompetent driver only when it was aware or should have been aware that it was renting the vehicle to an incompetent driver. See Knecht, 2017 WL 4573796, at *10 (citing Roebuck, 1999 WL 124462, at *7). Plaintiffs have alleged no facts from which a reasonable jury could conclude that Defendant Barbush knew or should have known that it was renting the Kia Sedona to an incompetent driver; they simply allege, in a conclusory fashion, that it rented the Kia Sedona to such a driver (Doc. No. 1 at ¶ 40). Such a conclusory assertion, without alleged facts to support a jury reaching such a conclusion, fails to state a claim for negligent entrustment sufficiently.[8] See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") ; see also Snow v. Cruz, No. 3:12-CV-195, 2013 U.S. Dist. LEXIS 8780, at *3-5 (W.D. Ky. Jan. 18, 2013) (granting the defendant's motion to dismiss a negligent entrustment claim brought under Kentucky law because the plaintiff's complaint asserted in a conclusory manner that the defendant knew or should have know that it entrusted a vehicle to a driver who was "incompetent, reckless, and/or not licensed," but failed to allege any facts from which a reasonable jury could reach such a conclusion); Demus v. Avis Car Rental & Justin T. Wilkerson, No. GD 15-003937, 2015 Pa. Dist. & Cnty. Dec. LEXIS 10606, at *3-6 (Allegheny Cty. Ct. Com. Pl. Oct. 7, 2015) (dismissing

---

[8] Because the Court concludes that Plaintiffs have failed to state a claim for negligent entrustment, it declines to address Defendant Barbush's argument (Doc. No. 44 at 5), that a negligent entrustment claim can proceed only after an initial finding that the entrusted third party acted negligently.

a negligent entrustment claim after the defendant rental company argued in its preliminary

objections that the plaintiff's complaint failed to allege any facts to support its claim that the

rental company knew or should have known that the lessee was incompetent or unfit to drive).

Accordingly, Plaintiffs' negligent entrustment claim asserted at Count III of the complaint

against Defendant Barbush will be dismissed for failure to state a claim upon which relief can be

granted, without prejudice to Plaintiffs' right to file an amended complaint.[9]

## IV.    CONCLUSION

Based upon the foregoing, the Court will grant Defendant Barbush's motion for judgment

on the pleadings (Doc. No. 42), and dismiss Count III of Plaintiffs' complaint (Doc. No. 1).

Plaintiffs will be granted thirty (30) days from the date of this Memorandum and corresponding

Order to file an amended complaint that corrects the pleading deficiencies identified herein.  An

Order consistent with this Memorandum follows.

---

[9] Although Plaintiffs have not requested leave to amend the complaint, and "sua sponte leave is not required in non-civil rights cases in this Circuit," Clarke v. Liberty Mut. Ins. Co., No. 18-cv-1925, 2018 WL 6497895, at *5 (M.D. Pa. Dec. 10, 2018) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007)), because amendment of the complaint as to Count III is not clearly futile, Plaintiffs will be granted leave to amend the complaint, in accordance with Federal Rule of Civil Procedure 15(a)(2).  For the negligent entrustment claim of an amended complaint to survive a subsequent motion for judgment on the pleadings or motion to dismiss for failure to state a claim, the amended complaint must allege sufficient facts from which a reasonable jury could plausibly conclude that Defendant Barbush knew or should have known that Defendant Syed or Defendant Qureshi intended or was likely to use the Kia Sedona in a way that would create an unreasonable risk of harm to others.